NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 17-1847 & 17-3720
_____

PABLO ANGEL-HERNANDEZ
a/k/a Pablo Angel,
a/k/a Pablo Hernandez,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-834-862)
Immigration Judge: Steven A. Morley

_____

No. 17-1847
Submitted under Third Circuit LAR 34.1(a)
on January 11, 2018

No. 17-3720
Submitted under Third Circuit LAR 34.1(a)
on January 31, 2019

Before: JORDAN, ROTH, <u>Circuit Judges</u> and *MARIANI, <u>District Judge</u>

(Opinion filed: February 4, 2019)

---

* The Honorable Robert D. Mariani, United States District Court Judge for the Middle
District of Pennsylvania, sitting by designation.

ROTH, Circuit Judge

Pablo Angel-Hernandez petitions for review of an Order of the Board of Immigration Appeals (BIA) ordering him removed from the United States. In its Order, the BIA affirmed the denial by an Immigration Judge (IJ) of Angel-Hernandez's Application for Cancellation of Removal on the ground that Angel-Hernandez failed to demonstrate "exceptional and extremely unusual hardship" to his three U.S.-citizen children—one of the requirements for Cancellation of Removal under 8 U.S.C. § 1229b(b)(1).

Specifically, the IJ concluded that although Angel-Hernandez's children would suffer emotional and financial loss, it was "not substantially beyond that which would ordinarily be expected."[1] The IJ also held that the financial loss the children would suffer could be offset by Angel-Hernandez's wife's ability to find work in the "underground economy."[2] The BIA affirmed. Because we conclude that Angel-Hernandez is not entitled to relief on his legal argument, and because we are stripped of jurisdiction to review Angel-Hernandez's challenge to the discretionary way in which the BIA weighed

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] 17-1847 App. 10-12.

[2] 17-1847 App. 11.

2

the evidence before it, we must deny Angel-Hernandez's petition in part and dismiss it in part.

Angel-Hernandez, a Mexican citizen, entered the United States without inspection in 2000. Angel-Hernandez later married his wife, a citizen of Mexico who also entered the United States without inspection. They have three U.S.-citizen children; the family lives with the wife's sister and brother-in-law, who pay half of the rent for their apartment.

In 2013, the U.S. Department of Homeland Security initiated removal proceedings against Angel-Hernandez. Angel-Hernandez, represented by counsel, applied for Cancellation of Removal for non-permanent residents under 8 U.S.C. § 1229b(b)(1). He alleged that his removal would result in exceptional and extremely unusual hardship to his children, given that he is the sole source of financial support for his family. The IJ denied relief, finding that although Angel-Hernandez's removal would cause emotional and financial loss to his family, such losses would not constitute exceptional and extremely unusual hardship. The IJ noted that Angel-Hernandez's wife is in good health, and that although she is unauthorized to work, she could likely find employment in the "underground economy that employs individuals without proper papers."[3] The IJ said that given the wife's ability to work in the underground economy, combined with the rental assistance she was receiving from her sister and brother-in-law and unspecified government resources that the children could receive, Angel-Hernandez's children "will

---

[3] 17-1847 App. at 11.

not suffer financially significantly more than they already are, living at a poverty level existence."[4]

Angel-Hernandez appealed the IJ's ruling to the BIA,[5] which agreed with the IJ that Angel-Hernandez failed to demonstrate the requisite level of hardship to his children. The BIA rejected Angel-Hernandez's argument that he was able to find work more easily than his wife because he has work authorization, noting that Angel-Hernandez did not receive such authorization until 2013 but still earned income and paid taxes from 2003 to 2012. Angel-Hernandez now petitions for our review.

When Angel-Hernandez filed his petition for review, he concurrently filed a motion to reconsider and reopen with the BIA, arguing that the BIA did not consider the hardship to Angel-Hernandez's children. In a supplement to this motion, Angel-Hernandez attached a psychological evaluation of his family members, which specifically concluded that Angel-Hernandez's daughter suffered from an anxiety disorder, symptoms of which would become more severe as a result of Angel-Hernandez's removal.

The BIA denied the motion to reconsider, noting that it did consider hardship to Angel-Hernandez's children in its original opinion, but that the hardship did not meet the

---

[4] *Id.* at 13.

[5] While the appeal before the BIA was pending, Angel-Hernandez filed a motion to remand with the BIA, which it also denied. In Angel-Hernandez's motion to remand, he pointed the BIA to new evidence, the recent birth of his third child, and the fact that this child was born with an undescended testicle for which he underwent surgery. Because the evidence submitted with the motion to remand indicated that the third child would not require ongoing treatment, the BIA concluded that this new evidence did not warrant remand. Angel-Hernandez does not appeal the BIA's ruling on his motion to remand, but instead incorporates his argument that the BIA overlooked the hardship to his third child in his appeal on the merits.

4

exceptional and extremely unusual level. The BIA also denied the motion to reopen, concluding that the psychological evaluation did not indicate that the emotional hardship suffered by his children rose to requisite level. Angel-Hernandez petitioned for our review again.[6] We consolidate Angel-Hernandez's petition of the BIA's denial of his motion to reconsider and reopen with his petition for review on the merits.[7]

The government argues that we lack jurisdiction to review Angel-Hernandez's petitions, citing 8 U.S.C. § 1252.[8] This provision ordinarily shields the BIA's discretionary hardship determination from our review, except where the petition for our review raises "constitutional claims or questions of law."[9]

Angel-Hernandez's petition raises one legal argument: that the BIA and IJ applied the wrong test for determining "exceptional and extremely unusual hardship." He argues that the BIA should stop considering as "normal the emotional hardship children suffer as a result of being separated from their parents who are deported."[10] However, there is no constitutional or legal basis to support Angel-Hernandez's argument. Angel-Hernandez instead relies on unpersuasive concepts of international law, as well as cases that pre-date the BIA precedent establishing the legal standard for demonstrating "exceptional and

---

[6] *See* No. 17-3720.

[7] *See* 8 U.S.C.A. § 1252(b)(6) ("When a petitioner seeks review of an order under this section, any review sought of a motion to reopen or reconsider the order shall be consolidated with the review of the order.").

[8] 8 U.S.C. § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title.").

[9] 8 U.S.C. § 1252(a)(2)(D).

[10] Angel-Hernandez Op. Br. at 11.

extremely unusual hardship."[11] Therefore, while we have jurisdiction to review this claim, we conclude that Angel-Hernandez is not entitled to relief.

Angel-Hernandez further argues that the IJ and BIA failed to enter into a true balancing of the full record because they did not account for his daughter's developmental delays or his youngest son's medical conditions. The record, however, belies this argument. Thus, Angel-Hernandez merely attempts to cloak his argument regarding the IJ's and BIA's discretion as one allowing for our review, but "a party may not dress up a claim with legal clothing to invoke this Court's jurisdiction."[12] We therefore dismiss this claim, and consequently, we will deny Angel-Hernandez's petition in part and dismiss it in part.[13]

Although it does not affect the outcome, we take this occasion to admonish Immigration Judges and the BIA against basing their rulings on statements like the one the IJ made here regarding Angel-Hernandez's wife's ability to find work in the underground economy. This statement is patently inappropriate; immigration judges may not encourage immigrants to participate in unlawful activity or base their legal

---

[11] *See Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001).

[12] *Pareja v. Att'y Gen.*, 615 F.3d 180, 187 (3d Cir. 2010).

[13] For similar reasons, we also deny in part and dismiss in part Angel-Hernandez's petition to review the BIA's order at issue in No. 17-3720. Angel-Hernandez's motion to reconsider rested on the same arguments he raised in his appeal before this Court, and we find no abuse of discretion in the BIA's denial of his motion since the denial was not "arbitrary, irrational, or contrary to law." *Pllumi v. Att'y Gen.*, 642 F.3d 155, 158 (3d Cir. 2011) (citation omitted). Moreover, Angel-Hernandez's arguments in his appeal of the BIA's denial of his motion to reopen merely take issue with the way the BIA weighed the evidence relating to the hardship to his children. But we lack jurisdiction to set aside the discretionary way in which the BIA weighs evidence. *Alimbaev v. Att'y Gen.*, 872 F.3d 188, 194 (3d Cir. 2017).

conclusions upon assumptions that they will do so. Moreover, an IJ should be well aware that aliens who accept unlawful employment may be removed from the country for engaging in unauthorized work.[14] Unfortunately, the IJ's hardship determination was discretionary and Angel-Hernandez has not raised any proper bases for challenging that determination.[15]

---

[14] 8 U.S.C. § 1227(a)(1)(C)(i); 8 CFR § 214.1(e).
[15] *See Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003) ("The determination of whether the alien has established the requisite hardship is a quintessential discretionary judgment.").